IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 95-30085-4 |
| BERDINE FRAZIER, | ) ) ) | |
| Defendant. | ) ) ) ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Berdine Frazier was sentenced to 15 months imprisonment and three years of supervised release for the distribution of cocaine base. Now free, Frazier asks this Court to expunge the conviction [d/e 127, 128]. For support, Frazier cites good behavior and employment difficulties stemming from the prior conviction. Although the Court is not unsympathetic to Frazier's difficulties, it cannot expunge the records.

Statutory authority to expunge is limited, covering only a few specified circumstances. *See, e.g.,* 18 U.S.C. § 3607(c) (expungement in

certain drug possession cases); *United States v. Coloian*, 480 F.3d 47, 49 n.4 (1st Cir. 2007) (listing other provisions). Only § 3607(c) is arguably relevant to Frazier's case, but that provision fails to apply because it covers drug possession, not distribution. In the absence of any statutory authorization, this Court lacks the power to expunge executive branch records. *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993).

Nevertheless, district courts retain ancillary jurisdiction sufficient to permit the expungement of judicial records. *Id.* Such relief, however, is an extraordinary remedy, sparingly invoked where "'the dangers of unwarranted adverse consequences to the individual outweigh the public interest in the maintenance of the records.'" *United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004) (quoting *Janik*, 10 F.3d at 472).

Frazier argues for expungement based on an inability "to get a decent job." Typically, however, employment difficulties attributable to a prior conviction are insufficient, as they present nothing more than "the usual attendant consequences" of a conviction. *See id.* at 739-40; *see also United States v. Kotsiris*, 543 F. Supp. 2d 966, 970 (N.D. Ill. 2008). Indeed, "if

2

employment problems resulting from a criminal record were 'sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy.'" *Flowers*, 389 F.3d at 739-40 (quoting *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991)). As such, the Court cannot conclude that sufficient "unwarranted adverse consequences" exist.

<u>Ergo</u>, Frazier's requests for expungement [d/e 127, 128] are DENIED.

IT IS SO ORDERED.

ENTERED: January 6, 2009

FOR THE COURT: /s Judge Richard Mills
United States District Judge